**RONNIE HARPER**                                                                    **PLAINTIFF**

**v.**                                                                    **No. 4:13CV159-A-A**

**EARNEST LEE, ET AL.**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ronnie Harper, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On May 16, 2013, the plaintiff Ronnie Harper received a food tray with a hair in it. Though one staff member gave Harper permission to get another tray, Officer Pain issued Harper a Rule Violation Report for getting a second tray. Harper was found guilty of the Rule Violation Report at the disciplinary hearing and received 30 days loss of canteen privileges. He alleges that Warden Noel did not thoroughly investigate the matter and that Superintendent Earnest Lee permits the processing of Rule Violation Reports long after the deadline of 7 working days to do so. Harper also alleges that Superintendent Lee permits prison staff to issue false charges against inmates, generally.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain

circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, Harper received as punishment loss of canteen privileges for 30 days, a lesser consequence than that faced by the plaintiff in *Sandin*. Loss of canteen privileges falls easily within the parameters of what one could expect in prison – and is not an atypical or significant deprivation potentially creating a liberty interest. As such, Harper's due process allegation does not rise to the level of a constitutional claim and must be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of November, 2013.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**